IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                     Plaintiff,                         OPINION AND ORDER

        v.                                           12-cv-458-bbc

JUDGE CONLEY,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Richard Hoeft has filed a pro se complaint under 42 U.S.C. § 1983, alleging that the defendant, United States District Judge William Conley, has violated his civil rights. Plaintiff has been granted leave to proceed in forma pauperis and the complaint is now before the court for screening under 28 U.S.C. § 1915(e)(2). According to this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

In screening any pro se litigant's complaint, the court must construe the claims generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). In this case, however, even a generous reading does not allow me to find that the proposed complaint states a claim upon which relief can be granted.

1

ALLEGATIONS OF FACT

Plaintiff is a resident of Park Falls, Wisconsin. On May 31, 2011, plaintiff filed the following three lawsuits in the United States District Court for the Western District of Wisconsin: 1) Hoeft v. Chris Hoffman and Matt Schultz, Civil No. 11-cv-388-wmc; 2) Hoeft v. Bob Hansen and Mrs. Bob Hansen, Civil No. 11-cv-389-wmc; and 3) Hoeft v. Matt Scherrel, Dave Shultz, John Doe and Jane Doe, Civil No. 11-cv-390-wmc. Each of the cases was assigned to the defendant.

In July 2011, plaintiff was granted leave to proceed in forma pauperis in all three of the cases. To date, however, the cases have not been screened and no other action has been taken.

Plaintiff now has filed the pending complaint under 42 U.S.C. § 1983, alleging that defendant's inaction has denied plaintiff access to the courts and violates his right to due process. Plaintiff requests $1,000,000 in compensatory and punitive damages for the violation of his civil rights. Plaintiff also asks that another judge be assigned to his cases.

OPINION

Plaintiff is proceeding under the federal in forma pauperis statute, 28 U.S.C. § 1915(e), which requires the court to review his pleadings and dismiss a complaint "at any time" if the reviewing court determines that the action is 1) frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b).

2

I understand plaintiff to be bringing claims against the defendant for failing to take action on several of his complaints. Assuming that these allegations are true, the complaint must be dismissed because the defendant is immune from suit.

Few doctrines are more solidly established at common law than the absolute immunity of judges from liability for their judicial acts. Ohse v. Hughes, 816 F.2d 1144, 1154 (7th Cir. 1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)). The doctrine of judicial immunity establishes the absolute immunity of judges from liability for their judicial acts, even when they act maliciously or corruptly. Mireles v. Waco, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967); see also Forrester v. White, 484 U.S. 219, 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants) (citing Bradley v. Fisher, 13 Wall. 335, 348 80 U.S. 335 (1872)).

Court records show that the civil actions filed by plaintiff in Civil Nos. 11-cv-388-wmc, 11-cv-389-wmc, and 11-cv-390-wmc remain pending and are listed as "under advisement." Another complaint filed by plaintiff on May 31, 2011 was dismissed with prejudice after plaintiff failed to comply with court orders. Hoeft v. Dave Schultz, John Doe and Jane Doe, Civil No. 11-cv-387-wmc (W.D. Wis. Aug. 16, 2012). Plaintiff did not file an appeal.

Plaintiff does not demonstrate that his cases have been ignored and his allegations of delay fall well short of the allegations necessary to deprive the defendant of absolute immunity. Mireles, 502 U.S. 11-12 (noting that allegations of bad faith or malice are insufficient to defeat absolute judicial immunity, which may be overcome only by showing that the complained of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction). To the extent that plaintiff seeks monetary damages from a defendant who is immune from such relief, his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(b). To the extent that he is asking for assignment of his cases to another judge, he has asked for relief that is not available in this court.

ORDER

IT IS ORDERED that plaintiff Richard Hoeft's complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(b) for seeking damages from a defendant who is immune from such relief.

Entered this 23d day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4